UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC WELKER, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>COUNSELOR MCGAUGH, *et al.* )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-661 RM |

## OPINION AND ORDER

Eric Welker, a prisoner committed to the Indiana Department of Correction filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was an inmate at the Miami Correctional Facility. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Welker alleges that the facility superintendent, Counselor McGaugh, and the medical department ignored his request to be moved to another cell house. As a result he was severely beaten and stabbed by another inmate. Complaint, at 2. On January 2, 2004 Mr. Welker placed a form requesting an interview in Counselor McGaugh's box. The request informed McGaugh about threats Mr. Welker received and asked that Mr. Welker be moved to another cell house. The request was denied. The next day Mr. Welker was beaten and stabbed. As a result of the attack Mr. Welker suffers from paranoia, depression, and permanent scars across his chest. Complaint, at 3.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825 at 834; Wilson v. Seiter, 501 U.S. 294 (1991). Prisons and jails "are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." McGill v. Duckworth, 944 F.2d 345, 349 (7th Cir. 1991).

Jail "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. at 833, *quoting* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)."

Deliberate indifference in such circumstances is defined as "criminal recklessness," Farmer v. Brennan, 511 U.S. at 839-840. Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986).

FED. R. CIV. P. 8 establishes a system of notice pleading, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). Giving Mr. Welker the benefit of the inferences to which he is entitled at the screening stage, the court cannot say that he can prove no set of set of facts consistent with his failure to protect claim against Counselor McGaugh under the standards set forth in Farmer v. Brennan.

3

Mr. Welker also names the superintendent of the Miami Correctional Facility and the medical department as defendants. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The medical department is not a "person" for purposes of §1983. The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971). Mr. Welker does not allege that the superintendent was aware of the threats, or that the superintendent had any direct personal involvement in the incident. Mr. Welker does not allege that the medical department denied Mr. Welker adequate medical treatment after the attack. Accordingly, the superintendent of the Miami Correctional Facility and the medical department will be dismissed as defendants.

For the foregoing reasons, the court:

    (1) GRANTS Mr. Welker leave to proceed against Counselor McGaugh in his individual capacity on his Eighth Amendment failure to protect claim;

    (2) DISMISSES all other claims and defendants;

    (3) DIRECTS the clerk to transmit the summons and USM-285 for Counselor McGaugh to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(4) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Counselor McGaugh;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Counselor McGaugh respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the one claim for which Mr. Welker has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April  12 , 2006

                                                /s/ Robert L. Miller, Jr.  
                                                Chief Judge  
                                                United States District Court